IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ABDUL-AZIZ RASHID MUHAMMAD, )
Petitioner, )
v. ) Civil Action No. 3:14CV72–HEH
JOHN OLIVER, )
Respondent. )

## MEMORANDUM OPINION
(Dismissing 28 U.S.C. § 2241 Petition for Want of Jurisdiction)

Abdul-Aziz Rashid Muhammad, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. In 1990, the U.S. District Court for the Eastern District of Kentucky ("Sentencing Court") convicted Muhammad of conspiracy to commit armed bank robbery, aiding and abetting armed bank robbery, use of a firearm in commission of a felony, and possession of a firearm by a convicted felon. *See United States v. Muhammad*, 948 F.2d 1449, 1452 (6th Cir. 1991). The Sentencing Court sentenced Muhammad to 327 months of imprisonment followed by a mandatory twenty-year

---

[1] That statute provides, in pertinent part:

(c) The writ of habeas corpus shall not extend to a prisoner unless—
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

consecutive sentence for his 18 U.S.C. 924(c) use of a firearm conviction. *Id.*[2] Thereafter, Muhammad began to file numerous post-conviction challenges to his conviction and sentence. *See Muhammad v. Purdue*, No. 5:12CV129, 2013 WL 4508870, at *6 (N.D. W. Va. Aug. 23, 2013) (outlining Muhammad's prior challenges in various federal courts); (§ 2241 Pet. 6–13). "The petitioner's September 12, 2011 filing with the Eastern District of Kentucky was the first time that petitioner raised the ... arguments ... that his 1990 consecutive sentence was improperly based upon his 1974 § 924(c), which he claims that he only discovered had been vacated on August 2, 2011." *Muhammad*, 2013 WL 4508870, at *1.

In his newest § 2241 Petition, Muhammad contends, like in his prior petitions, that he is "actually innocent" of the 1990 § 924(c) conviction and improperly sentenced to a consecutive twenty-year mandatory sentence and that his consecutive sentence is unconstitutional in light of the Supreme Court's decision in in *Alleyne v. United States*, 133 S. Ct. 2151 (2013).[3]

For reasons set forth below, the § 2241 Petition will be dismissed for want of jurisdiction.

---

[2] According to Muhammad, the twenty-year consecutive sentence for the § 924(c) conviction was based upon a 1974 conviction for armed robbery in violation of 18 U.S.C. §§ 2113(a)(d) and 924(c). *See Muhammad v. Purdue*, No. 5:12CV129, 2013 WL 4508870, at *1 (N.D. W. Va. Aug. 23, 2013). The 1974 conviction for the violation of § 924(c) was later vacated. *See id.*

[3] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

A. **Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241**

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole,*

---

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

3

531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted).

The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Muhammad's 28 U.S.C. § 2241 Petition

Muhammad fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Muhammad fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal.*" *Id.* (emphasis added). The 1990 conduct of which Muhammad stands convicted, use of a firearm in the commission of a felony, *inter alia*, remains criminal. *See Alsop v. Chandler*, --- F. App'x ----, No. 13–10778, 2014 WL 68913, at *1 (5th Cir. Jan. 9, 2014) (concluding the decision in *Alleyne* fails to provide a basis for filing a § 2241 petition); *Muhammad*, 2013 WL 4508870, at *3

4

(concluding same, and that Muhammad is not "actually innocent," and failed to satisfy *In re Jones* for nearly identical claim). Because Muhammad essentially challenges only the validity of his twenty-year sentence imposed in 1990 and not the legality of his underlying § 924(c) conviction, he cannot pursue such a challenge by a § 2241 petition. *See Wilson*, 2012 WL 1245671, at *3.[5] Accordingly, the Court will dismiss Muhammad's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

                                                                /s/

Date: March 14, 2014                    HENRY E. HUDSON
Richmond, Virginia                UNITED STATES DISTRICT JUDGE

---

[5] In the alternative, Muhammad's § 2241 petition may also be dismissed as an abuse of the writ and for lack of factual merit. Muhammad has raised the identical challenge to his 1990 § 924(c) conviction and sentence at least twice before. *See Muhammad*, 2013 WL 4508870, at *1,*6. Muhammad fails to demonstrate that the ends of justice warrant revisiting his challenge to his 1990 conviction. Thus, Muhammad's petition should also be dismissed for abuse of the writ. *See Winston v. U.S. Atty. Gen.*, No. 2:12CV172, 2013 WL 3967292, at *2–3 (E.D. Va. Aug. 1, 2013).

Moreover, as explained by the Sentencing Court, Muhammad's claim also lacks factual merit as "the twenty-year mandatory sentence had no relationship to the 1974 conviction." *See United States v. Brown*, No. 2:89CR50–WOB, at 7–8 (E.D. Ky. Feb. 2, 2012) (explaining that "the twenty-year mandatory sentence . . . was based on two of the [1990] convictions which the 1989 indictment charged as having been committed with a firearm in violation of § 924(c). The 924(c) violation in connection with the conspiracy count under § 371 counted as the "first" conviction, and the § 924(c) violation in connection with the felon with a firearm count under § 922 counted as the second.) As the Western District of Virginia concluded in analyzing Muhammad's claim, "the sentencing court, which clearly has access to much more internal information regarding this matter has already determined that the petitioner's twenty-year consecutive sentence is wholly unrelated to his 1974 conviction. This court need not, and should not, rehash an issue which has already been decided." *Muhammad*, 2013 WL 4508870, at *10.