## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ABDUL-AZIZ RASHID    )
MUHAMMAD,      )
            )
   Petitioner,    )
            )
v.           )   Civil Action No. 3:14CV72–HEH
            )
JOHN OLIVER,     )
            )
   Respondent.    )

### MEMORANDUM OPINION
### (Denying Rule 60(b) Motion)

By Memorandum Opinion and Order entered on March 14, 2014, the Court

dismissed for want of jurisdiction a 28 U.S.C. § 2241 petition submitted by Abdul-Aziz

Rashid Muhammad.  On May 6, 2014, the Court received a Motion for Relief Pursuant to

Rule 60(b)(4) ("Rule 60(b) Motion")[1] from Muhammad wherein he argues that the March

14, 2014 Memorandum Opinion and Order is void and "should be vacated without

prejudice" because he filed a motion to withdraw prior to the entry of the Memorandum

Opinion and Order.  (Rule 60(b) Mot. 2, ECF No. 14 (emphasis omitted).)

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

> **(b)**  Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> > . . . .
> > (4) the judgment is void . . . .

Fed. R. Civ. P. 60(b).

A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

While Muhammad has timely filed his Rule 60(b) Motion, nevertheless, relief under Rule 60(b) is an "extraordinary" remedy "and is only to be invoked upon a showing of exceptional circumstances." *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th Cir. 1979) (citations omitted). Muhammad fails to demonstrate any such exceptional circumstances that would warrant vacating the prior dismissal of his § 2241 motion.

Even if Muhammad met the threshold requirements for bringing a Rule 60(b) Motion, he fails to demonstrate that he is entitled to relief under Rule 60(b)(4). A judgment is "void" for the purposes of Rule 60(b) "only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005) (citing *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999)). Courts "narrowly construe the concept of a 'void' order under Rule 60(b)(4) precisely because of the threat to the finality of judgments . . . ." *Id.* (citation omitted).

Muhammad argues that the Court should have dismissed the action without prejudice because he filed his motion for voluntary dismissal "[o]n or about February

2

11th, 2014" which was "more than a month before the [Court's] Order." (Rule 60(b) Mot. 1.) The Court received the motion for voluntary dismissal on March 20, 2014, which Muhammad mailed from Petersburg, Virginia and had a postmark of March 19, 2014. (ECF No. 13, at 3.) Muhammad fails to provide any argument suggesting that the Court lacked jurisdiction or acted in a manner inconsistent with due process in dismissing his § 2241 petition for want of jurisdiction prior to receiving his motion to voluntarily dismiss the action. Thus, Muhammad fails to demonstrate that the Court's dismissal of his § 2241 motion was "void" within the meaning of Rule 60(b)(4).

Accordingly, Muhammad's Rule 60(b) Motion (ECF No. 14) will be denied.

An appropriate Final Order will follow.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sep 4 2014
Richmond, Virginia

3